UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

JULIE ELICE FONTAINE,

                    Plaintiff,

v.

BANK OF AMERICA, N.A.; and THE BANK OF NEW YORK MELLON, formerly known as The Bank of New York, as trustee,

                    Defendants.

Case No.: 18-cv-2795-BTM-RBB

**ORDER GRANTING REQUEST FOR JUDICIAL NOTICE AND GRANTING DEFENDANTS' MOTION TO DISMISS**

**[ECF No. 3, 4]**

## I.    INTRODUCTION

Plaintiff Julie Elice Fontaine, proceeding *pro se*, filed a Complaint against Defendants Bank of America ("BOA") and the Bank of New York ("BONY") alleging violations of California Civil Code § 1572 (actual fraud), violations of California Civil Code §§ 2924(a) and 2934(a) (wrongful foreclosure), unjust enrichment, slander of title, and intentional infliction of emotional distress. (ECF No. 1 "Compl."). Plaintiff seeks declaratory judgment as well as compensatory, special, punitive, and general damages. (Compl. ¶ 10).

Pending before the Court is Defendants' Motion to Dismiss the Complaint for failure to state a claim upon which relief may be granted. (ECF No. 3). For reasons set forth below, the Court holds that Plaintiff's claims are barred by res judicata. The Complaint is dismissed with prejudice.

## II. REQUEST FOR JUDICIAL NOTICE

Defendants request judicial notice of the following documents: (1) The Assignment of Deed of Trust recorded on August 19, 2011; (2) The Substitution of Trustee recorded on October 17, 2011; (3) the Notice of Default recorded on October 17, 2011; (4) Substitution of Trustee recorded on April 9, 2014; (5) the Notice of Rescission of Notice of Default recorded on April 30, 2018; (6) the Notice of Default recorded on April 30, 2018; (7) the UCC Financing Statement recorded on February 24, 2012; (8) the Revocation of Deed recorded on June 27, 2012; (9) the Complaint filed on October 23, 2013 in United States District Court, District of Columbia, Case No. 13-cv-1638; (10) the Memorandum opinion filed in the District of Columbia case; (11) the Order filed on May 16, 2014 in the United States District Court, District of Columbia case; (12) the Complaint filed on August 20, 2014 in the United States District Court, Southern District of California, Case No. 14-cv-1944; (13) the Order Granting Motion to Dismiss filed on January 7, 2015 in United States District Court, Southern District of California, Case No. 14-cv-1944; (14) The First Amended Complaint filed on June 25, 2015 in United States District Court, Southern District of California, Case No. 14-cv-1944; (15) the Order Granting Motion to Dismiss First Amended Complaint filed August 21, 2015 in United States District Court; (16) the Order Denying Motion for Leave to Amend First Amended Complaint filed on November 6, 2015 in the United States District Court, Southern District of California, Case No. 14-cv-1944; (17) the Judgement filed November 7, 2015 in United States District Court, Southern District of California, Case No. 14-cv-1944; (18) the Mandate filed on September 8, 2017 in United States Court of Appeals, Ninth Circuit, Case No.

15-56948; (19) the Complaint filed on December 1, 2017 in United States District Court, Southern District of California, Case No. 17-cv-24-24; (20) The Order Granting Defendants' Motion to Dismiss filed on March 28, 2018 in United States District Court, Southern District of California, Case No. 17-cv-2424; (21) the Judgment filed on March 28, 2018 in the United States District Court, Southern District of California, Case No. 17-cv-2424. (ECF No. 4).

The Court GRANTS Defendants' Request for Judicial Notice.

## III. BACKGROUND

### A. Facts Alleged in Plaintiff's Complaint

Plaintiff alleges the following facts in the instant Complaint. Plaintiff owns real property at 909 Glendora Drive, Oceanside, CA 92057 ("the Property") that is the subject of this controversy. (Compl. ¶¶ 5, 7). In 2005, Plaintiff obtained a $517,500 mortgage loan from First Magnus Financial Corporation. (Compl., Exh. 1). The Deed of Trust is notarized and bears what appears to be Plaintiff's signature. (Id. at 15).

On October 17, 2011, BONY substituted ReconTrust as the trustee through a recorded Substitution of Trustee. (Compl. ¶ 12; RJN Exh. 2). ReconTrust filed a Notice of Default. (Compl. ¶ 13; RJN Exh. 3).

In April 2012, Plaintiff received a letter identifying BONY as the loan owner and BOA as the servicer. (Compl. ¶ 14). The letter included an "unendorsed copy of the Note with a stamp from Chicago Title certifying it as a true and correct copy of the original." (Id.)

In May 2012, Plaintiff received another letter from BOA that included an endorsement from Countrywide Bank, N.A. to Countrywide Home Loans; an endorsement from Countrywide Home Loands, Inc. "to a payee whose name was left blank"; and "a separate piece of paper with an endorsement stamp from First Magnus to Countrywide Bank, N.A." that is "undated, without reference to the subject loan, and is not attached to the note." (Id.)

On November 12, 2012, ReconTrust filed a Notice of Trustee Sale; ReconTrust then filed additional Notices of Trustee Sale on June 7, 2012, July 18, 2013, and September 13, 2013. (Compl. ¶ 16).

On March 23, 2015, Shellpoint Mortgage Servicing notified Plaintiff that Shellpoint was the "servicer" of the loan and BOA was the creditor. (Compl. ¶ 17). A month later, Shellpoint notified Plaintiff that BONY was the owner of the loan and Shellpoint was the creditor. (Compl. ¶ 18).

Clear Recon Corporation filed a Notice of Default on May 30, 2018. (Compl. ¶ 19). The Complaint notes "there is no evidence that the [sic] Clear Recon had been legally substituted as the Trustee for ReconTrust to file this Notice of Default." (Id.)

Plaintiff alleges that the Adjustable Rate Note, Adjustable Rate Rider, Planned Unit Development Rider, and Deed of Trust "provided by BOA" in these various transfers and assignments of rights are invalid because the documents "were not signed by Plaintiff and contain signatures of Plaintiff that were forged." (Compl. ¶ 21, 24). Although Plaintiff admits she signed the original documents, Plaintiff alleges that the forgeries of her signature on the *copies* of the above-listed documents render all assignments invalid and foreclosure rights void. (ECF No. 12 at 11, 13).

In support of the forgery allegation, the Complaint avers that Plaintiff retained a "forensic handwriting and document examiner expert," Mr. Curt Baggett, who is "a skilled authority in document examination and has been certified as an expert witness in numerous federal and state cases." (Compl. ¶ 23). Mr. Baggett's Handwriting Expert Report, dated October 29, 2018, is attached to the Complaint as Exhibit 2. (Compl. ¶ 24). The report states "[t]he questioned intials and signatures were examined and noted to have significant dissimilarities present between the size, height, width of letters, angles, and connecting strokes when compared ot the known signatures" and concludes that

4

18-cv-2795-BTM-RBB

Plaintiff "was not the author of the initials and signatures on the questioned documents." (ECF No. 1 at 107).

On the foregoing facts, Plaintiff alleges fraud, violations of California Civil Code § 1572, violations of California Civil Code §§ 2924(a) and 2934(a), unjust enrichment, slander of title, and intentional infliction of emotional distress. (*See generally* Compl.)

**B. Proceedings**

Between 2013-2017, Plaintiff filed three lawsuits, two of which were filed in the Southern District of California, to challenge the Deed of Trust's validity and prevent foreclosure. (See RJN Exhs. 9, 12, 19). In 2014, Plaintiff filed a complaint against BOA, BONY, MERSCORP Holdings, Inc., MERS, ReconTrust, and Clear Recon Corp. *Fontaine v. Bank of America, N.A., et al.*, 14-cv-01944-WQH-DHB (hereinafter, *Fontaine I*). Defendants moved to dismiss the complaint, and the presiding court granted the motion with leave to amend. (*Fontaine I*, ECF No. 21). Plaintiff filed a first amended complaint, which alleged that Defendants failed to notify Plaintiff of new creditors or properly record transfers of Plaintiff's Deed of Trust, thereby invalidating the most recent Subsitute of Trustee and all efforts at securitization. (*See Fontaine I*, ECF No. 79 at 3-5 (summarizing FAC)). The amended complaint further alleged that "this misfeasance, malfeasance and nonfeasance by the Defendants" slandered title to Plaintiff's property. (*Fontaine I*, ECF No. 79 at 5). The presiding court denied Plaintiff's motion for leave to amend the first amended complaint. (*Fontaine I*, ECF No. 90). Plaintiff's Motion for Reconsideration was denied. (*Fontaine I*, ECF No. 103). Plaintiff appealed, and the Ninth Circuit affirmed the court's decision. (*Fontaine I*, ECF No. 106).

In 2017, Plaintiff filed another Complaint in the Southern District of California against BONY concerning the same property, loan, and foreclosure proceedings at issue in this case. *See Fontaine v. Bank of New York Mellon*,

Case No. 17-cv-2424-MMA-JLB (hereinafter, *Fontaine II*) (*See generally* ECF No. 1). Plaintiff's allegations in *Fontaine II* included: (1) wrongful foreclosure; (2) violations of the Fair Debt Collection Practices Act ("FDCPA"); (3) slander of title; (4) intentional infliction of emotional distress; and (5) declaratory judgment. (Id.) The Court held that Plaintiff's claims were barred by res judicata because the presiding district court in *Fontaine I* had dismissed claims "based on the same transactional nucleus of facts" underlying the 2017 action. *Id.* at 17-cv-2424-MMA-JLB. The case was closed on March 28, 2018. (*Fontaine II*, ECF No. 16).

Plaintiff filed the instant Complaint on December 11, 2018. (Compl.). Defendant BOA moved to dismiss the Complaint on January 10, 2019 and submitted a request for judicial notice ("RJN") that same date. (ECF No. 3). On January 30, 2019, BONY submitted a Notice of Joinder and joined BOA's Motion to Dismiss Plaintiff's Complaint. (ECF No. 9). Plaintiff timely opposed the Motion to Dismiss and did not object to BONY's Notice of Joinder. (ECF No. 12).

## IV. DISCUSSION

Defendants argue that each of Plaintiff's claims are barred by res judicata and the applicable statute of limitations. (ECF No. 3). Defendants assert that Plaintiff signed the original note and deed of trust, and she cannot now claim she didn't sign for the original loan or that foreclosure rights are void because of allegedly forged copies. (ECF No. 3). Defendants further assert that Plaintiff has not stated a claim for fraud because she has not and cannot sufficiently allege reliance on the purported forgeries. (ECF No. 3 at 13). Plaintiff argues her Complaint is not barred by res judicata or the applicable statute of limitations because she only became aware of Defendants' fraud in August 2018 and confirmed the forgeries in October 2018, upon receipt of the Baggett Report. (ECF No. 12 at 16). She also asserts that although she "is not relying on any representations" that she had "borrowed the loan," she did rely "on the representation that the documents received from Defendant were copies of the

documents originally signed." (ECF No. 12 at 14 (citing Compl. ¶¶ 32-33)).

**A. Res Judicata**

The doctrine of res judicata "bars relitigation of all grounds of recovery that were asserted, or could have been asserted, in a previous action between the parties, where the previous action was resolved on the merits." *United States ex rel. Barajas v. Northrop Corp.*, 147 F.3d 905, 909 (9th Cir. 1998). "It is immaterial whether the claims asserted subsequent to the judgment were actually pursued in the action that led to the judgment; rather, the relevant inquiry is whether they could have been brought." *Id.*

There are three elements to a successful res judicata defense: (1) an identity of claims; (2) a final judgment on the merits; and (3) privity between the parties. *United States v. Liquidators of European Federal Credit Bank*, 630 F.3d 1139, 1150 (9th Cir. 2011).

Here, the parties do not dispute that the second and third elements are met. The 2014 and 2017 actions both constituted final judgments on the merits. The 2014 action named both BOA and BONY as Defendants, and the 2017 action named BONY. There was therefore privity between the parties. The dispute thus turns on whether the claims are identical.

In deciding the identity of claims, the Ninth Circuit has applied four criteria:

> (1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts.

*Constantini v. Trans World Airlines*, 681 F.2d 1199, 1201-02 (9th Cir. 1982) (quoting *Harris v. Jacobs*, 621 F.2d 341,434 (9th Cir. 1980)). "The fourth criterion – the same transactional nucleus of facts – is the most important." *Liquidators*, 630 F.3d at 1151. Accordingly, "[n]ewly articulated

claims based on the same nucleus of facts may still be subject to a res judicata finding if the claims could have been brought in the earlier action." *Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*, 322 F.3d 1064, 1078 (9th Cir. 2003).

For many of the same reasons that the presiding court held res judicata applied in the 2017 action, the Court concludes res judicata bars the instant action. (*See Fontaine II*). Plaintiff's claims are all based on the same transactional nucleus of facts as the 2014 and 2017 actions. *See Liquidators*, 630 F.3d at 1151. In those previous actions, Plaintiff challenged the validity of the Deed of Trust, Substitutions of Trustees, and Defendants' security interests in the Property. Drawing on the same facts concerning the property, transfers, and recordings, Plaintiff alleged the same claims asserted here: wrongful foreclosure under §§ 2924(a) and 2943(a), slander of title, intentional infliction of emotional distress, and declaratory relief.

Although Plaintiff adds new evidence to support two new claims—fraud under § 1572 and unjust enrichment—these additions are unavailing. Plaintiff argues she was ignorant of the fact that her signatures had been forged until August 2018, when she "noticed some of her signatures did not look right," and obtained an opinion from a purported expert confirming that the documents were forgeries on October 29, 2018. (ECF No. 17 at 3). But Plaintiff began challenging the assignment of rights and foreclosure proceedings as early as 2012 or 2013, and could have examined the documents and challenged the signatures on them then. (See RJN Exhs. 7, 9). This claim could have easily been brought in the earlier actions. *See Tahoe Reg'l Planning Agency*, 322 F.3d at 1078.

Moreover, the new evidence does not support a legal claim. Plaintiff admits she signed the original loan documents, and cites no authority for the proposition that the alleged forgeries of her signature on *copies* of the loan documents constitutes fraud and bars foreclosure on the property. Plaintiff's

reexamination of the loan documents previously held to be valid, and efforts to prove her signature was forged on the copies but not the original, is merely a reintroduction of "substantially the same" evidence as that presented in the 2014 and 2017 actions. *See Int'l Union of Operating Eng'rs-Emp'rs Constr. Indus. Pension Welfare and Training Trust Funds v. Karr*, 994 F.2d 1426, 1430 (9th Cir. 1993) (stating the "fact that some different evidence may be presented in this action . . . does not defeat the bar of res judicata").

The Court further concludes that the rights and interests established in *Fontaine I* and *Fontaine II* would be destroyed or impaired by the prosecution of this action. In both actions, the Court entered judgment in Defendants' favor. (*Fontaine I*, ECF No. 91 (BOA and BONY); *Fontaine II*, ECF No. 15 (BONY)). As in *Fontaine I* and *Fontaine II*, Plaintiff seeks invalidation of Defendants' security interests on her Property, declaratory judgment, and damages. Plaintiff cannot assert the same claims and seek the same relief against BOA and BONY without impairing the rights and interests established in *Fontaine I* and *Fontaine II*. Finally, the suits involve infringement of the same right: Defendants' allegedly wrongful foreclosure on Plaintiff's property and Plaintiff's alleged right to have her mortgage loan legitimately assigned. (*See Fontaine II* at 10).

Given the foregoing, the Court concludes that all the claims brought in *Fontaine I*, *Fontaine II*, and this action "can be conveniently tried together." *Karr*, 994 F.2d at 1430. Plaintiff draws from the same common nucleus of operative fact in *Fontaine I* and *Fontaine II* to assert that her mortgage documents were improperly assigned and foreclosure is wrongful. The new evidence presented is not actually new, and draws from the same mortgage documents that Plaintiff sought to invalidate in a series of other suits. The Court concludes the claims of *Fontaine I*, *Fontaine II*, and the instant action are identical, and res judicata bars Plaintiff's suit. Because res judicata bars Plaintiff's claims in their entirety, the Court does not reach Defendants' other arguments urging dismissal.

## V. CONCLUSION

Plaintiff's claims are barred by res judicata. The Court GRANTS the Motion to Dismiss with prejudice.

IT IS SO ORDERED.

Dated: July 9, 2019

Honorable Barry Ted Moskowitz
United States District Judge

10
18-cv-2795-BTM-RBB